**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4342**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN MAURICE HENOUD, a/k/a John Harvey, a/k/a
J. M. Harvey, a/k/a J. M. Hardey, a/k/a Jon M.
Hardey, a/k/a Jerry Geohn Davidson, a/k/a
George  J.  Mansour,  a/k/a  Richard  L.
Harrington, a/k/a Dave Harvey,

Defendant - Appellant.

**No. 05-4447**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RALPH COLLINS,

Defendant - Appellant.

**No. 05-4448**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHARON KAY MOORE,

Defendant - Appellant.

No. 05-4449

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD CLARK MORRISON,

Defendant - Appellant.

No. 06-6156

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN MAURICE HENOUD,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Jerome B. Friedman, District Judge. (CR-04-4; 2:04-cr-00004-JBF-TE)

Submitted: November 30, 2006          Decided: April 20, 2007

- 2 -

Before WILKINSON, WILLIAMS, and SHEDD, Circuit Judges.

_____

Nos. 05-4342, 05-4447, 05-4448, 05-4449 affirmed; No. 06-6156 dismissed by unpublished per curiam opinion.

_____

Frank W. Dunham, Jr., Federal Public Defender, Gretchen L. Taylor, Larry M. Dash, Assistant Federal Public Defenders, Frances H. Pratt, Research and Writing Attorney, Norfolk, Virginia; Brett D. Lucas, GABRIEL & ASSOCIATES, P.C., Virginia Beach, Virginia; Charles R. Burke, Virginia Beach, Virginia; Keith Loren Kimball, COLGAN, KIMBALL & CARNES, Virginia Beach, Virginia, for Appellants. John Maurice Henoud, Appellant Pro Se.  Paul J. McNulty, United States Attorney, Michael C. Moore, Joseph E. DePadilla, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

- 3 -

PER CURIAM:

These consolidated appeals arise out of the convictions of co-defendants John Maurice Henoud, Sharon Kay Moore, Ronald Clark Morrison, and Ralph Collins. The charges against the Defendants stem from various schemes to defraud businesses and individuals under the aegis of a purported charity, the Youth-at-Risk Foundation ("YARF"), and two businesses, Just Sports Publications ("JSP"), and the Senior Shopping Guide ("SSG"). After considering the various issues raised by the Defendants, we affirm the sentences challenged by Henoud, Moore, and Collins, and affirm the convictions challenged by Moore, Collins, and Morrison. Henoud also appeals the district court's denial of his motion for return of property; we dismiss this appeal as moot.

Henoud was convicted of one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (2000); ten counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (2000); four counts of use of fictitious name to further mail fraud scheme, in violation of 18 U.S.C. § 1342 (2000); ten counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (2000); one count of fraud in connection with access devices, in violation of 18 U.S.C. §§ 1029(a)(2), 1029(b)(1), and 1029(c)(1)(A)(i) (2000); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2000); five counts of promotional and concealment money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i),

- 4 -

1956(a)(1)(B)(i) and 2 (2000); and eight counts of promotional money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 (2000). In appeal No. 05-4342, Henoud presents three arguments. First, Henoud contends that the district court erred when it applied a preponderance of evidence standard to the factual findings underpinning the calculation of the advisory sentencing guideline range, he asserts that the magnitude of the enhancements applied required a higher standard of proof. Our decisions in United States v. Urrego-Linares, 879 F.2d 1234, 1237 (4th Cir. 1989), and United States v. Pierce, 409 F.3d 228, 234 (4th Cir. 2005), foreclose this argument. See also United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Second, Henoud challenges the district court's calculation of the amount of intended loss. Our review of the district court's loss calculation is for clear error. United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). At sentencing, the district court makes a "reasonable estimate of the loss, given the available information." Miller, 316 F.3d at 503; U.S. Sentencing Guidelines Manual § 2B1.1, comment. (n.2(C)) (2003). Enhancements under § 2B1.1(b) are determined by the amount of loss suffered as a result of the fraud. The amount of loss is the greater of the actual loss or the intended loss. USSG § 2B1.1, comment. (n.2(A)). "Intended loss" is defined as "the pecuniary harm that was intended to result from the offense . . . and . . .

includes intended pecuniary harm that would have been impossible or unlikely to occur." USSG § 2B1.1, comment. (n.2(A)(ii)). Consequently, the intended loss amount may be used, "even if this exceeds the amount of loss actually possible, or likely to occur, as a result of the defendant's conduct." Miller, 316 F.3d at 502.

Henoud's argument that sister circuit courts of appeals have used either a different methodology, or the amount of actual loss, to derive a loss amount for sentencing purposes does not compel the conclusion that the district court clearly erred in the estimation of the intended loss in this case. As we stated in Miller, the intended loss may include money that the defendant might not have collected, or could not have collected. Id. Here, the intended loss calculations were based on a methodology that took into account the duration of the conspiracy, the number of co-conspirators, and the extent to which their activities might have impacted the community. We therefore conclude that the district court did not clearly err in calculating the amount of the intended loss.

Third, Henoud argues that his sentence is unreasonable because it is greater than necessary to achieve the purposes of sentencing and is disproportionately long when compared with the sentences of both his co-defendants and defendants convicted of more serious fraud offenses in other districts. Henoud's sentence of 360 months' imprisonment was reasonable because it was within

the correctly calculated advisory guideline range and was determined according to a reasoned process in accordance with the law. United States v. Green, 436 F.3d at 449, 457 (4th Cir. 2006). In its discussion of each of the factors listed in 18 U.S.C. § 3553(a) (2000), the district court specifically addressed the type of crime, the need for deterrence, the risk of recidivism, and Henoud's history and circumstances. We therefore reject his contention that the sentence was greater than necessary to fulfill the purposes of § 3553(a).

With respect to Henoud's argument that his sentence is disproportionately greater than that of his co-defendants, this court has stated that a district court is not required to consider the sentences of co-defendants, and further allows co-defendants and co-conspirators to be sentenced differently for the same offense. United States v. Foutz, 865 F.2d 617, 621 (4th Cir. 1989); United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004). Similarly, we deem irrelevant a comparison of Henoud's sentence to the sentences imposed on defendants in other districts for different conduct. We therefore conclude that the sentence the district court imposed was reasonable, and we affirm Henoud's sentence in appeal No. 05-4342.

In appeal No. 06-6156, Henoud challenges the district court's denial of his motion to compel the release of a hard drive seized as evidence pursuant to Fed. R. Crim. P. 41(g). The

district court concluded that it lacked jurisdiction to consider the motion during the pendency in this court of Henoud's appeal of his sentence, appeal No. 05-4342. We conclude it is unnecessary to resolve whether the district court correctly dismissed Henoud's Rule 41(g) motion because our decision in the direct criminal appeal removes the only potential jurisdictional impedment to the district court's consideration of the Rule 41(g) motion. Accordingly, we dismiss the appeal in No. 06-6156, and Henoud may refile his Rule 41(g) motion in the district court, where the motion may be addressed on the merits.

In appeal No. 05-4448, Moore challenges: (1) the sufficiency of the evidence, claiming she did not have the requisite mens rea; and (2) the reasonableness of her sentence in light of her particular circumstances.[*] Moore was convicted of one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349; six counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; ten counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); one count of promotional and concealment money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2; and five counts of

---

[*]Moore's counsel has moved to withdraw due to his impending retirement. We deny the motion without prejudice to its renewal if counsel cannot complete his duties under the Fourth Circuit Plan in Implementation of the Criminal Justice Act, § 5(2), by the time counsel retires.

promotional money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.

In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). In evaluating the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). When the evidence supports differing reasonable interpretations, the finder of fact decides which interpretation to believe. Id. Here, the evidence presented at trial was sufficient for a reasonable jury to conclude that Moore was aware of the fraudulent activities of JSP/YARF and had the mens rea required for her offenses of conviction.

With respect to Moore's sentence, she does not contest the calculation of the advisory guideline range, which called for a sentence of between 210 and 262 months' imprisonment. The

district court imposed a variance sentence of 120 months, which was ninety months below the low end of the guideline range. In so doing, the district court stated that it considered several § 3553(a) factors, including Moore's criminal history, her mental health problems, her history as a victim of child sexual abuse, her persistent drug and alcohol addiction, and the lesser role she played in the scheme. Pursuant to our holding in Green, we find the sentence reasonable because it "was selected pursuant to a reasoned process in accordance with the law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law." 436 F.3d at 457. We therefore affirm Moore's conviction and sentence.

In appeal No. 05-4449, Morrison contends that the evidence failed to establish beyond a reasonable doubt that he was aware of the conspiracy or that he knowingly participated in the conspiracy. Morrison was convicted of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; two counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; six counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and one count of promotional and concealment money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2. We have carefully considered the evidence

and conclude that it is sufficient to support the finding that Morrison had the mens rea required for the offenses for which he was convicted. We therefore affirm Morrison's conviction.

In No. 05-4447, Collins appeals from his conviction and 108-month sentence for conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; six counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; nine counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and one count of promotional and concealment money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 2.

Collins first argues that he was prejudiced by the district court's denial of his motion for severance because evidence was admitted against Henoud, his co-defendant, that would not have been admitted if Collins were tried separately. A pretrial ruling on a motion for severance is within a trial court's discretion and will not be overturned "absent a clear abuse of that discretion." United States v. Rivera, 412 F.3d 562, 571 (4th Cir. 2005). Generally, individuals indicted together should be tried together, and "[a] defendant is not entitled to severance merely because separate trials would more likely result in acquittal, or because the evidence against one defendant is not as strong as that against the other." United States v. Strickland, 245 F.3d 368, 384 (4th Cir. 2001) (internal quotation omitted). A defendant must

instead show prejudice, and "[c]onvictions should be sustained if it may be inferred from the verdicts that the jury meticulously sifted the evidence." United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987).

Collins claims that he worked only part-time with JSP, and, if he were granted a separate trial, Henoud would have testified that the business Collins directed out of his home, SSG, was independent of JSP. Collins concedes, however, that the jury was able to sift through the evidence at trial and determine that Henoud had no involvement with SSG, as reflected by the jury's verdict finding Henoud not guilty of the one count that alleged his involvement with SSG. Accordingly, we conclude that Collins has not shown that he was prejudiced in the denial of his motion for severance.

Second, Collins argues that evidence recovered from searches of Henoud's office and home was admitted in violation of the rule against hearsay because there was no custodian of record or business associate available to testify to the accuracy of the records. Because Collins did not contemporaneously object to the admission of the records, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). We conclude that the district court did not plainly err in admitting the evidence at issue, and we affirm Collins' convictions.

Lastly, Collins challenges the district court's calculation of the amount of the intended loss and the number of victims, both of which were used to compute the advisory sentencing guideline range. In reviewing the calculation of the advisory sentencing guideline range, this court "review[s] the district court's legal conclusions de novo and its factual findings for clear error. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

Here, the district court employed a reasonable methodology to compute the intended loss, and, pursuant to our decision in United States v. Bolden, 325 F.3d 471, 499-500 (4th Cir. 2003), particularized its calculation to Collins' participation in the conspiracy and his ability to foresee that other JSP telemarketers would be engaged in the same type of fraud as he employed in his own business, SSG. We therefore conclude that the district court did not clearly err in its factual findings regarding the amount of intended loss.

Collins argues that the number of victims should be limited to the number of people with whom he had dealings, rather than all victims of the conspiracy. A victim is defined as "any person who sustained part of the actual loss." USSG § 2B1.1, comment. n.1(A). Collins conceded that he was involved in JSP's advertising solicitation for the 30th Annual Peninsula Relays programs — a solicitation for an event with which JSP had no

association — and the district court found that this solicitation alone supported the factual finding that the number of victims was in excess of 250.  At trial, the Government admitted into evidence 216 checks from businesses buying advertising in the fraudulent "30th Annual Peninsula Relays" program, and an additional forty-nine checks from businesses made out directly to Peninsula Relays, for which no advertising was placed in the fraudulent programs.  We therefore conclude that the district court did not clearly err in its calculation of the number of victims.  The district court did not err in the calculation of the advisory guideline range, and we affirm Collins' sentence, which incorporated a variance below that range.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 05-4342, 05-4447, 05-4448, 05-4449 AFFIRMED
No. 06-6156 DISMISSED